**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARLAND COLLINS,

        Plaintiff,                               Case Number: 2:08-CV-14881

v.                                                   HONORABLE PAUL D. BORMAN

WAYNE COUNTY PROSECUTOR, ET AL.,

        Defendants.
_____/

## **ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiff Earland Collins, a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that the convictions for which he is currently incarcerated are based upon false evidence, false warrants, prosecutorial misconduct, a failure to investigate and other wrongful acts committed by defendants.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In this case, however, Plaintiff clearly seeks habeas corpus relief because his claims address the constitutionality of his convictions. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

A judgment in favor of Plaintiff would imply the invalidity of his convictions. Plaintiff's convictions have not been overturned or declared invalid. Thus, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 22, 2008

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 22, 2008.

                                              S/Denise Goodine
                                              Case Manager